UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA MARIE STOLL,

    Plaintiff,

v.                                CASE NO. 17-cv-12209
                                  HONORABLE JOHN CORBETT O'MEARA

CHARLES W. JOHNSON,

    Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S REQUEST FOR IMMEDIATE CONSIDERATION [2] AND SUMMARILY DISMISSING THE COMPLAINT [1]

### I. Introduction

This matter has come before the Court on plaintiff Tina Marie Stoll's *pro se* complaint under 42 U.S.C. § 1983 and her request for immediate consideration of the complaint. Plaintiff is a state prisoner at the Huron Valley Women's Complex in Ypsilanti, Michigan. Defendant Charles W. Johnson is the Chief Judge for Emmet County Circuit Court in Petoskey, Michigan.

The complaint and exhibits indicate that, in 2014, Plaintiff filed a petition for the writ of coram nobis in Emmet County Circuit Court. The petition challenged Plaintiff's Emmet County convictions for armed robbery, *see* Mich. Comp. Laws § 750.529, and assault with intent to commit murder, *see* Mich. Comp. Laws § 750.83. On February 18, 2015, Judge Johnson denied the petition on grounds that (1) the common law writ of coram nobis was abolished by court rule in 1963, and (2) after exhausting her appellate remedies, Plaintiff's only remedy was to seek relief from the circuit court pursuant to Subchapter 6.500 of the Michigan Court Rules. *See People v. Stoll*, No. 12-3717-FC (Emmet Cty. Cir. Ct. Feb. 18, 2015), ECF No. 1, Ex. 5, Page ID 63.

Plaintiff subsequently filed a civil lawsuit against Judge Johnson in Emmet County Circuit Court. Judge Johnson moved for summary disposition under Michigan Court Rule 2.116(C), and Emmet County Circuit Judge George J. Mertz granted Judge Johnson's motion. *See Stoll v. Johnson*, No. 15-104919-CZ (Emmet Cty. Cir. Ct. July 22, 2015), ECF No. 1, Ex. 9, Page ID 110. The Michigan Court of Appeals affirmed Judge Mertz' decision, *see Stoll v. Emmet Circuit Court Chief Judge*, No. 328998 (Mich. Ct. App. Oct. 20, 2016) (unpublished), ECF No. 1-1, Ex. 13, Page ID 141-44, and on May 2, 2017, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See Stoll v. Emmet Circuit Court Chief Judge*, No. 155143 (Mich. Sup. Ct. May 2, 2017), ECF No. 1-1, Ex. 18, Page ID 205.

On July 5, 2017, Plaintiff commenced this action. In her pending complaint, she alleges that Judge Johnson erred when he denied her coram nobis petition and that the State's appellate courts erred when they denied relief. Plaintiff contends that the state courts' errors caused her material injustice. She seeks a dismissal of her state convictions and reimbursement of the filing fee for this action.

## II. Legal Framework

The Court has granted Plaintiff permission to proceed without prepaying the fees and costs for this action. Pursuant to the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's complaint and dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an

arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). To prevail on a claim under § 1983, a plaintiff must prove two elements: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

### III.  Analysis

Judge Johnson acts under color of law when performing his official duties, but Plaintiff has failed to show that Judge Johnson violated her constitutional rights when he denied her petition for writ of coram nobis. She merely disagrees with Judge Johnson's interpretation of the law. Federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings

3

even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).

Furthermore, Plaintiff's request to have her state criminal convictions vacated would be more appropriate in a federal habeas corpus petition, following exhaustion of state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that, when state prisoners are challenging the very fact or duration of their physical imprisonment, and the relief they seek is a determination that they are entitled to immediate release or a speedier release from that imprisonment, their sole federal remedy is a writ of habeas corpus). Because success in this action would necessarily invalidate Plaintiff's incarceration, her request to have her convictions vacated is barred in this civil rights action unless and until her convictions are invalidated by state officials or called into question by a federal court's issuance of a writ of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff is not entitled to injunctive relief from Judge Johnson for an additional reason: state judges are immune from injunctive relief "unless a declaratory decree was violated or declaratory relief was unavailable," 42 U.S.C. § 1983, and neither one of these exceptions applies here.

## IV. Conclusion

Plaintiff's complaint is frivolous because it lacks an arguable basis in law, and it fails to state a plausible claim for which relief may be granted. The Court therefore grants the request for immediate consideration (ECF No. 2), but summarily dismisses the complaint (ECF No. 1) under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court certifies that an appeal from this order would be frivolous and could not be taken in

good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Date: August 4, 2017                      s/John Corbett O'Meara
                                          United States District Judge


I hereby certify that on August 4, 2017, a copy of this order was served upon Plaintiff using first-class U.S. mail.

                                          s/William Barkholz
                                          Case Manager