UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA MARIE STOLL,

    Plaintiff,

v.

CASE NO. 17-cv-12209
HONORABLE SEAN F. COX

CHARLES W. JOHNSON,

    Defendant.

_____/

**ORDER DENYING PLAINTIFF'S REQUEST (docket no. 8) FOR RECONSIDERATION OF THE ORDER DISMISSING HER COMPLAINT**

**I. Introduction**

On July 5, 2017, plaintiff Tina Marie Stoll filed a *pro se* complaint under 42 U.S.C. § 1983. Plaintiff is a state prisoner at the Huron Valley Women's Complex in Ypsilanti, Michigan. The defendant is Chief Judge Charles W. Johnson of the Emmet County Circuit Court in Petoskey, Michigan.

The complaint and exhibits indicate that, in 2014, Plaintiff filed a petition for a writ of error coram nobis in Emmet County Circuit Court. The petition challenged Plaintiff's Emmet County convictions for armed robbery, Mich. Comp. Laws § 750.529, and assault with intent to commit murder, Mich. Comp. Laws § 750.83. On February 18, 2015, Judge Johnson denied the petition on grounds that (1) the common law writ of error coram nobis was abolished by court rule in 1963, and (2) after Plaintiff exhausted her appellate remedies, her only post-conviction remedy was to seek relief under Subchapter 6.500 of the Michigan Court Rules. *See People v. Stoll*, No. 12-3717-FC (Emmet Cty. Cir. Ct. Feb. 18, 2015), docket no. 1, Ex. 5, Page ID 63.

Plaintiff subsequently filed a civil lawsuit against Judge Johnson in Emmet County Circuit Court. After Judge Johnson moved for summary disposition, Emmet County Circuit Judge George J. Mertz held oral arguments, granted Judge Johnson's motion, and dismissed Plaintiff's complaint. *See Stoll v. Johnson*, No. 15-104919-CZ (Emmet Cty. Cir. Ct. July 22, 2015), docket no. 1, Ex. 9, Page ID 110. The Michigan Court of Appeals affirmed Judge Mertz' decision, *see Stoll v. Emmet Circuit Court Chief Judge*, No. 328998 (Mich. Ct. App. Oct. 20, 2016) (unpublished), docket no. 1-1, Ex. 13, Page ID 141-44, and on May 2, 2017, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See Stoll v. Emmet Circuit Court Chief Judge*, No. 155143 (Mich. Sup. Ct. May 2, 2017), docket no. 1-1, Ex. 18, Page ID 205.

On July 5, 2017, Plaintiff commenced this action. Her complaint alleges that Judge Johnson had a legal obligation to dismiss her criminal case for lack of jurisdiction and improper venue. The complaint further alleges that the Emmet County Circuit Court erred when it granted Judge Johnson's motion for summary disposition in Plaintiff's civil case against Judge Johnson. Plaintiff asked the Court to review the state courts' decisions for "material injustice," to dismiss her criminal case, and to reimburse her for the fees and costs of this case.

The case was randomly assigned to former United States District Judge John Corbett O'Meara who summarily dismissed Plaintiff's complaint as frivolous and for failure to state a plausible claim for which relief could be granted. Judge O'Meara determined that Judge Johnson had not violated Plaintiff's constitutional rights when he denied her petition for writ of error coram nobis and that, under *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983), federal district courts do not have jurisdiction over

2

challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional.

Judge O'Meara also indicated in his order that, under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), Plaintiff's request to have her state criminal convictions vacated was not a cognizable claim in a civil rights action unless Plaintiff's convictions had been invalidated by state officials or called into question by a federal court's issuance of a writ of habeas corpus. Finally, Judge O'Meara pointed out that injunctive relief may not be granted in an action brought against a judicial officer in his or her judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable, *see* 42 U.S.C. § 1983, and that neither of those exceptions applied in Plaintiff's case.

Plaintiff's case was reassigned to this Court after Judge O'Meara retired. The case is presently before the Court on Plaintiff's request for reconsideration of Judge O'Meara's order of dismissal.

## II. Discussion

### A. Legal Framework

This District's Local Rules state that

> [g]enerally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3) (E.D. Mich. July 1, 2013). In other words,

> the movant must show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case.

3

> The local rule also specifically states that merely presenting the same issues that the court previously ruled on is not an acceptable ground for reconsideration.

*Indah v. U.S. S.E.C.,* 661 F.3d 914, 924 (6th Cir. 2011) (internal citation and footnote omitted). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Systems*, 704 F. Supp.2d 688, 709 (E.D. Mich.2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

**B. Application**

Plaintiff alleges that Judge O'Meara erred when he concluded that her complaint was frivolous and that it failed to state a claim for relief. Plaintiff challenges Judge O'Meara's reliance on *Feldman*, 460 U.S. at 462, and Judge O'Meara's conclusion that Judge Johnson did not violate her constitutional rights when he denied her petition for writ of error coram nobis. Plaintiff maintains that she provided factual support for her claims and that Judge Johnson did not comply with Michigan Court Rules, Michigan statutes, and federal law. Plaintiff also argues that, contrary to Judge O'Meara's decision, her convictions have been invalidated and her right to due process was violated.

Plaintiff has not provided the Court with any proof that her convictions have been invalidated by state officials or called into question by a federal court's issuance of the writ of habeas corpus. Records maintained by the Michigan Department of Corrections on its official website indicate that Plaintiff is still incarcerated and that she is not eligible for parole until 2032.[1] Thus, her challenge to Judge Johnson's denial of her state petition

---

[1] *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=875525.

and his failure to dismiss Plaintiff's criminal convictions is barred by *Heck*, 512 U.S. at 486-87, and *Dotson*, 544 U.S. at 81-82.

Furthermore, Judge Johnson's alleged violation of state law is not a basis for relief in this federal civil rights action. Section § 1983 is "limited to deprivations of *federal* statutory and constitutional rights. It does not cover official conduct that allegedly violates *state* law." *Huron Valley Hosp., Inc. v. City of Pontiac*, 887 F.2d 710, 714 (6th Cir. 1989) (emphasis in original). Although Plaintiff also insinuates that her federal constitutional rights were violated during the state civil proceeding,

> [f]ederal district courts do not stand as appellate courts for decisions of state courts. See *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The *Rooker–Feldman* doctrine "prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Luber v. Sprague,* 90 Fed. Appx. 908, 910 (6th Cir. 2004).

*Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013).

This doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basis Indus. Corp.*, 544 U.S. 280, 284 (2005). "If the source of the injury is the state court decision, then the *Rooker–Feldman* doctrine . . . prevent[s] the district court from asserting jurisdiction." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006).

Plaintiff complains of injuries arising from rulings made by Judge Johnson, the Emmet County Circuit Court, and the State's appellate courts in Plaintiff's civil case. She wants this Court to determine that the state circuit court erred when it granted Judge

5

Johnson's motion for summary disposition and that the State's appellate courts erred when they affirmed the circuit court's decision. Her complaint is a direct attack on the state-court decisions in a civil proceeding. As such, her claims are barred by the *Rooker-Feldman* doctrine.

To the extent Plaintiff may be seeking money damages from Judge Johnson for alleged violations of her constitutional rights, her claims lack merit because judges enjoy immunity from suit unless the judge was not acting in his or her judicial capacity or judicial action was taken in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity applies even if the judge acted "erroneously, corruptly or in excess of jurisdiction." *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985).

Judge Johnson was acting in his judicial capacity when he ruled on Plaintiff's petition for writ of error coram nobis, and he was not acting in the complete absence of jurisdiction at the time. He denied relief because Plaintiff had no right to the relief she requested. Judge Johnson enjoys immunity from a suit for money damages, and under 42 U.S.C. § 1983, Plaintiff has no right to injunctive relief in a civil rights action against a judicial officer.

### III. Conclusion

Plaintiff has not shown that Judge O'Meara made a palpable defect when he summarily dismissed her complaint as frivolous and for failure to state a claim. Accordingly, Plaintiff's request for reconsideration, docket no. 8, is denied.

Dated: September 24, 2018                s/ Sean F. Cox
                                         Sean F. Cox
                                         United States District Judge

I hereby certify that on September 24, 2018, the document above was served on counsel of record via electronic means and upon Tina Stoll via First Class Mail at the address below:

Tina Stoll
875525
HURON VALLEY COMPLEX - WOMENS
3201 BEMIS ROAD
YPSILANTI, MI 48197

                                                s/J. McCoy
                                                Case Manager